UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------

UNITED STATES OF AMERICA,

-v-

LORENZO BAUTISTA,

Defendant.

---------------------------------------

21 Cr. 80 (NRB)

**MEMORANDUM AND ORDER**

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On November 11, 2021, Lorenzo Bautista ("Bautista" or "defendant") pled guilty to engaging in a conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). On March 15, 2022, this Court sentenced Bautista to a non-guidelines term of imprisonment of 78 months, based on a total offense level of 27 and a Criminal History Category of IV. See ECF Nos. 32 at 2, 36 at 23. He faced a Sentencing Guidelines range of 100-125 months. See ECF No. 36 at 23.

Defendant has filed a motion for Compassionate Release, primarily relying on Amendment 821 to the Sentencing Guidelines. See ECF No. 35. Amendment 821, which went into effect on November 1, 2023 and applies retroactively, provides for a potential recalibration of a defendant's sentencing guidelines if he had

zero criminal history points or if he committed the instant offense while under a criminal justice sentence.

Having considered the record in this case, the Court finds that the defendant is ineligible for a sentence reduction pursuant to Amendment 821. Although Bautista received a one-point enhancement to his criminal history score for committing the instant offense while under a criminal justice sentence, his amended total criminal history score is six points, which renders him ineligible for a sentence reduction under Amendment 821. The United States Probation Department reached the same conclusion when it issued a report finding that the defendant is not eligible for a sentence reduction. See ECF No. 36 at 2.

Defendant also seeks compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A)(i) based on the following self-described "extraordinary and compelling" reasons that (1) since being incarcerated, he has "taken his transformation seriously" as evidenced by, among other things, his "immaculate prison disciplinary record"; and (2) he is not a threat to the public because he is currently housed in a minimum security prison camp and is classified "as the lowest security/recidivism level." These reasons do not warrant compassionate release. As to the first, the Court lauds Bautista's efforts at self-improvement while incarcerated, but it is well-established that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and

compelling reason." 28 U.S.C. § 994(t). The second reason likewise fails because neither "the minimum security level of [defendant's] facility" nor "his low risk to the community . . . demonstrate[s] an immediate need for release or some other extraordinary or compelling reason for release." <u>United States v. Batista</u>, No. 06 Crim. 265 (DLI), 2022 WL 955277, at *4 (E.D.N.Y. Mar. 30, 2022).

Accordingly, this motion is denied. The Clerk of Court is respectfully instructed to terminate the motion pending at ECF No. 35 and mail a copy of this decision to Bautista (Reg. No. 55769-054) at USP Lewisburg in Lewisburg, Pennsylvania.

**SO ORDERED.**

Dated:   March 27, 2024
         New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE